IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TRIPLE S. SPRAYBAYS**                                                                               **PLAINTIFF**

**VS.**                                            **No.  4:08CV0005**

**THE STATE OF ARKANSAS, AND
THE ARKANSAS HIGHWAY
DEPARTMENT**                                                                                   **DEFENDANTS**

### ORDER

Pending are Defendants' motions to dismiss.  (Docket #'s 3 and 7).  Plaintiff has responded and Defendants have filed replies.  For the reasons set forth herein, Defendants' motions to dismiss are granted.

### Facts

Plaintiff, a commercial property owner in the city of Little Rock, brought this action against the State of Arkansas and the Arkansas Highway Department pursuant to 42 U.S.C. §1983 alleging violations of the United States Constitution and the Constitution of the State of Arkansas. Plaintiff owns commercial property located at 2200 Watt Street.  The property allegedly had access to Cantrell Road which was approximately fifty feet from one of the entrances of the property.  Plaintiff contends that from on or about February 1, 2006, Defendants closed Watt Street's access to Cantrell Road as part of road improvements to Cantrell Road. Plaintiff claims that the loss of access to Cantrell Road has resulted in the diminution in value of his commercial property.

Plaintiff contends that the closure of Watt Street, at the intersection of Watt Street and Cantrell Road in Little Rock, constitutes a violation of his substantive due process rights and a violation of the takings clause of the United States and Arkansas Constitutions.  Defendants

contend that the Court should dismiss Plaintiff's claims based upon lack of subject matter jurisdiction and for failure to state a claim.

## Discussion

Plaintiff contends that the street closure constitutes a violation of its substantive due process right of ingress and egress to and from a street or highway its property abuts and Defendants have deprived it of these property rights within the meaning of the due process clauses of the United States and Arkansas Constitutions. Plaintiff argues that it has a constitutional right to have a jury determine the amount of its just compensation. Plaintiff also claims that the impairment of its easement caused by the closure of Watt Street constitutes an unconstitutional taking.

Defendants claim that they are entitled to immunity and thus the Court lacks subject matter jurisdiction. Defendants also contend that Plaintiff has failed to state a claim.

The Honorable Susan Webber Wright considered these arguments in a recent case involving the same subject matter, the closure of Watt Street at the intersection of Watt Street and Cantrell Road. In *Willis Smith and Company v. State of Arkansas and the Arkansas Highway Department*, 2008 WL 552814 (E.D.Ark. 2008) Judge Wright found that the defendants were entitled to sovereign immunity and that the plaintiff failed to allege facts to support its claim that it had no constitutional remedy available.

This Court adopts the well reasoned opinion of Judge Wright and finds that:

The State of Arkansas and its agencies have not consented to be sued in the federal courts, and with regard to plaintiff's claims brought pursuant to 42 U.S.C. § 1983, Congress did not abrogate the states' sovereign immunity when it enacted that statute. *See, e.g., Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66-67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Burk v, Beene,* 948 F.2d 489, 492-3 (8th

Cir.1991). Thus, the Court finds that plaintiff's claims for violation of the substantive due process clause and the takings clause of the United States Constitution brought pursuant to § 1983 must be dismissed.

Plaintiff's state law claims are also barred by the Eleventh Amendment to the United States Constitution. "The Eleventh Amendment bars federal court jurisdiction over state law claims against unconsenting states or state officials when the state is the real, substantial party in interest, regardless of the remedy sought. This constitutional bars applies with equal force to pendent state law claims." *Cooper v. St. Cloud Univ.,* 226 F.3d 964, 968 (8th Cir.2000)(internal citation omitted).

. . .

Plaintiff's contention that a hearing before the Arkansas State Claims Commission is an inadequate and constitutionally impermissible remedy because the Commission does not provide jury trials is meritless.

*Id.*

Accordingly, Defendants' motions to dismiss, docket #'s 3 and 7 are granted. The Clerk is directed to close the case.

IT IS SO ORDERED this 1st day of April, 2008.

_____
James M. Moody
United States District Judge